■ In the Matter of Faith Vasti, Appellant, v Stephen R. May et al., Constituting the Board of Elections of the State of New York, Respondents, and Donald J. Yellen et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered August 20, 1976 in Albany County, which denied petitioner's application, in a proceeding pursuant to section 330 of the Election Law, to declare invalid a petition for opportunity to ballot for the public office of Member of Assembly for the 100th Assembly District in a Conservative Party primary election. Inasmuch as the error of the subscribing witnesses in listing their election district in the previous general election was caused by confusion resulting from a recent redistricting, Special Term properly concluded that there was substantial compliance with section 148-a of the Election Law *(Matter of McCoy v McNab,* 27 NY2d 640; cf. *Matter of Rutter v Conveney,* 38 NY2d 993). Moreover, on this record Special Term's factual finding that the changes and additions in election districts and towns of some of the signatories on the petition did not constitute material alterations and its further finding that the signatures of Margaret Dolson, James Bell and Dorothy Bell were not invalid because their addresses were incorrectly given, should not be disturbed. Judgment affirmed, without costs. Koreman, P. J., Kane, Mahoney, Main and Herlihy, JJ., concur.

■ In the Matter of Arnold W. Proskin, Appellant, v Stephen R. May et al., Constituting the Board of Elections of the State of New York, Respondent, and Howard C. Nolan, Jr., Respondent.—Appeal from an order of the Supreme Court at Special Term, entered August 27, 1976 in Albany County, which granted a motion to quash subpoenas issued by appellant to numerous signatories on the designating petition of respondent Nolan designating him as the Conservative Party candidate for the office of State Senate for the 42nd Senatorial District. On this record, it is impossible to determine whether or not it was necessary for Special Term to quash any or all of the subpoenas issued by appellant in order to protect the witnesses who were directed to appear from annoyance, embarrassment or oppression. Accordingly, the order quashing appellant's subpoenas should be reversed and the matter remitted to the Special Term in which appellant's proceeding pursuant to section 330 of the Election Law is presently pending for a prompt determination as to whether there is a factual basis to support the respondent Nolan's contention that the wholesale issuance and service of the subpoenas was an abuse of process or otherwise unwarranted, having due regard for the rights of the person served, and for a determination of the merits of the challenge to respondent Nolan's designating petition. Judgment reversed, on the law and the facts, without costs, and matter remitted to Special Term for further proceedings not inconsistent herewith. Koreman, P. J., Kane, Mahoney, Main and Herlihy, JJ., concur.